■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK KARL ASKLUND, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered August 10, 1961 after a jury trial, convicting him of grand larceny in the first degree (Penal Law, § 1293-a), and sentencing him to a term not to exceed five years. Judgment affirmed. In our opinion, the conviction is amply supported by the evidence. The witness who identified defendant as the driver of the stolen vehicle was positive in his identification; and any question as the credibility of such witness was for the jury to decide. Moreover, the direct evidence of defendant's possession of the stolen vehicle, and of his unexplained presence therein justified the inference that defendant either stole the vehicle or knew that it was stolen (*People* v. *Galbo*, 218 N. Y 283). Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVIN F. BUSCH, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Rockland County, dated December 15, 1961, which denied, without a hearing, his application to vacate a judgment of said court, rendered June 6, 1960 on his plea of guilty, convicting him of burglary in the third degree, and sentencing him, as a second felony offender, to serve a term of 5 to 10 years. Order affirmed. No opinion. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM B. CARROLL, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Nassau County, dated July 5, 1961, which denied, without a hearing, his application to vacate the sentence of said court on August 16, 1960 upon his conviction, on a plea of guilty, of assault in the second degree; such sentence having been imposed upon him as a third felony offender. Order affirmed. Defendant contends that one of his prior convictions, namely, his conviction in New Jersey in 1939 for receiving stolen property, would not have been a felony in this State; hence, he was improperly sentenced on August 16, 1960 as a third felony offender. We find this contention to be untenable. Section 1308 of the Penal Law of this State, as it read on the date of defendant's New Jersey conviction in 1939, did not distinguish between a felony and a misdemeanor as it presently does (L. 1943, ch. 180). Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LEE CLINKSCALES, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Queens County, dated January 15, 1962, which denied, without a hearing, his application to vacate a judgment of said court, rendered June 26, 1959 after a jury trial, convicting him of burglary in the third degree and petit larceny, and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED KEITH DAY, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Nassau County, dated December 13, 1961, which denied, without a hearing, his application to vacate a judgment of said court, rendered May 17, 1957 on his plea of guilty, convicting him of grand larceny in the first degree (Penal Law, § 1293-a), and imposing sentence as a second felony offender. Order affirmed. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.